IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEN B. FLOYD, TRUSTEE of the Bankruptcy Estate of Gold Line Refining, Ltd., | ) | |
| Plaintiff, | ) | No. 03-2245 C (Judge Hewitt) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits the allegations contained in paragraph 2 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

3. The allegations contained in paragraph 3 constitute a conclusion of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4, except admits that the Government denied the claim.

5. The allegation contained in paragraph 5 is a characterization of this action and a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits.

10. The allegation contained in paragraph 10 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

11. Admits the allegations contained in the first sentence of paragraph 11; denies the allegations contained in the second and third sentences of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

14. Admits the allegations contained in the first sentence of paragraph 14; denies the allegations contained in the second sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

19. Denies the allegation contained in paragraph 19 that the PMM prices did not reflect the fair market value of the fuel DESC purchased; denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegation contained in paragraph 20 that the PMM prices did not reflect fair market value; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Denies.

24. Admits the allegation contained in paragraph 24 that Gold Line submitted a claim; the remainder of the allegations

contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies those allegations.

26. The allegation contained in paragraph 26 is a characterization of this action and a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

27. Defendant incorporates by reference the responses set forth above.

28. Denies the allegation contained in paragraph 28 that the PMM prices did not reflect the fair market value of the fuel DESC purchased; the remainder of the allegations contained in paragraph 28 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegation contained in paragraph 29 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

30. The allegation contained in paragraph 30 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

31. Defendant incorporates by reference the responses set forth above.

32. The allegation contained in paragraph 32 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

33. The allegation contained in paragraph 33 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

34. The allegation contained in paragraph 34 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. The allegation contained in paragraph 35 that DESC contravened its contractual obligation constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in paragraph 35 that DESC used economic price adjustment clauses based upon PMM; otherwise denies.

36. The allegation contained in paragraph 36 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

37. The allegation contained in paragraph 37 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

38. The allegation contained in paragraph 38 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

39. The allegation contained in paragraph 39 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

40. Defendant reasserts and incorporates by reference its answers set forth above.

41. The allegation contained in paragraph 41 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

42. The allegation contained in paragraph 42 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

43. The allegation contained in paragraph 43 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

44. The allegation contained in paragraph 44 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

45. The allegation contained in paragraph 45 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

46. Defendant reasserts and incorporates by reference its answers set forth above.

47. Denies the allegation contained in paragraph 47 concerning Gold Line's reliance for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. Denies the allegation contained in paragraph 48 concerning Gold Line's reliance for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegation contained in paragraph 49 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

50. Admits the allegation contained in paragraph 50 that DESC used economic price adjustment clauses based upon PMM; otherwise denies.

51. The allegation contained in paragraph 51 constitutes a conclusion of law and plaintiff’s characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

52. The allegation contained in paragraph 52 constitutes a conclusion of law and plaintiff’s characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

53. The allegation contained in paragraph 53 constitutes a conclusion of law and plaintiff’s characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

54. The allegation contained in paragraph 54 constitutes a conclusion of law and plaintiff’s characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

55. Defendant reasserts and incorporates by reference its answers set forth above.

56. Denies the allegations contained in paragraph 56 regarding Gold Line’s intent and reliance for lack of knowledge or information sufficient to form a belief as to their truth.

The remaining allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies the allegations contained in paragraph 57 regarding Gold Line's intent and reliance for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegation contained in paragraph 58 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

59. Admits the allegation contained in paragraph 59 that DESC used economic price adjustment clauses based upon PMM; otherwise denies.

60. The allegation contained in paragraph 60 is a conclusion of law to which no response is required.

61. Denies.

62. The allegation contained in paragraph 62 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

63. The allegation contained in paragraph 63 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

64. The allegation contained in paragraph 64 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

65. The allegation contained in paragraph 65 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

66. The allegation contained in paragraph 66 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

67. The allegation contained in paragraph 67 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

68. The allegation contained in paragraph 68 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

69. The allegation contained in paragraph 69 constitutes a conclusion of law and plaintiff's characterization of its case,

to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

70. Defendant reasserts and incorporates by reference its answers set forth above.

71. The allegation contained in paragraph 71 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

72. Denies the allegation contained in paragraph 72 that the PMM prices did not reflect fair market value; denies the remaining allegations contained in paragraph 72 for lack of knowledge or information sufficient to form a belief as to their truth.

73. The allegation contained in paragraph 73 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

74. The allegation contained in paragraph 74 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

75. The allegation contained in paragraph 75 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

76. The allegation contained in paragraph 76 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

77. The allegation contained in paragraph 77 constitutes a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

78. Denies that plaintiff is entitled to the relief requested in its prayer for relief or to any relief whatsoever.

79. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

80. Plaintiff's claims are barred by waiver.

81. Plaintiff's claims are barred by equitable estoppel.

82. Plaintiff's claims are barred by laches.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
by Kyle Chadwick
STEVEN J. GILLINGHAM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-2311
Facsimile: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel

HOWARD M. KAUFER
Assistant Counsel

Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

December 10, 2003

CERTIFICATE OF SERVICE

I certify that on December 10, 2003, the attached document was filed by means of the Court's electronic filing system with service to be made automatically by the Court's system. Parties may access this filing via the court's system.

S/Kyle Chadwick