UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BEN B. FLOYD, TRUSTEE<br>of the Bankruptcy Estate of<br>Gold Line Refining, Ltd.,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2245 C<br>(Judge Hewitt) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, *Case Management Procedure*, Section III, "Joint Preliminary Status Report" of the Rules of the United States Court of Federal Claims (RCFC), the parties file the following joint preliminary status report:

a. Does the Court have jurisdiction over the action?

The parties believe that the Court possesses jurisdiction to entertain the complaint.

b. Should the case be consolidated with any other case?

No. By Order of December 8, 2003, this Court denied Defendant's Motion to Consolidate *Floyd* and *Gold Line Refining*.

c. Should trial of liability and damages be bifurcated?

No. Plaintiff intends to file a motion for summary judgment under RCFC Rule 56 on the issue of liability.

d. Should further proceedings in this case be deferred pending consideration of another case before this court?

Plaintiff believes this case should proceed promptly without delay. The question of a stay was discussed with the Court in a December 19, 2003 status conference. Approximately

twenty cases have been filed in this Court involving the same economic price adjustment (EPA) clause as in Plaintiff's contracts. On November 14, 2003, two companies filed petitions with the United States Court of Appeals for the Federal Circuit seeking interlocutory appeal of rulings by this Court. *Tesoro Hawaii Corp. v. United States*, No.02-704C (Fed. Cl. Oct. 30, 2003); *Hermes Consolidated, Inc. d/b/a Wyoming Refining Co. v. United States*, No. 02-1460C (Fed. Cl. Nov. 3, 2003). Interlocutory appeals under 28 U.S.C. Sec. 1292(b) are at the discretion of the U.S. Court of Appeals for the Federal Circuit. The Court of Appeals has yet to decide whether or not to hear either case. Moreover, even if the Court of Appeals agrees to hear an interlocutory appeal at some future time, one can only speculate about: (1) which issue(s) the Court will hear; (2) how the issues will be framed; and (3) whether any Court of Appeals ruling will be dispositive of the issues in this case. Resolution of this litigation should not be delayed by speculation about what the Court of Appeals may or may not do.

Defendant believes that the parties should not engage in wasteful proceedings, where none may be necessary; nor should decisions about trial or discovery be made without knowing the applicable law. Defendant expects that the Federal Circuit soon will act upon the petitions and, therefore, there is no need to speculate about their outcome. Moreover, given the fact that the approximately 25 cases affected by these petitions represent over $2.6 billion in claims, that two plaintiffs have filed petitions for interlocutory appeal, and that the Government has endorsed those petitions suggests that it is at least likely that the Federal Circuit will grant the petitions. Indeed, this Court apparently has agreed with respect to two cases, which already have been stayed for these reasons, Sinclair v. United States, No. 02-464 (Fed. Cl.), and Valero v. United States, No. 03-1916C (Fed. Cl.). Other cases have been stayed for different reasons, but are

unlikely to be revived, given this circumstance. E.g., Marathon v. United States, No. 02-1218C (Fed. Cl.), and Chevron v. United States, No. 03-288C (Fed. Cl.).

Defendant also believes that there is no need to speculate about the effect of the circuit court's entertaining the certified petitions. Indeed, the questions certified in Tesoro Hawaii v. United States, No. 02-704C, and Hermes Consolidated, Inc. v. United States, No. 02-1460C, are the principal questions of this lawsuit, namely, the legality of the clause at issue and the applicability of the Government's defense of waiver to claims of illegality. RCFC 1 requires that this Court's rules be "construed and administered for the just, speedy, and inexpensive determination of every action." Given that controlling questions in this case may very well be addressed in the near future by the appellate court, further briefing in this case will not be productive. Moreover, if the court of appeals decides that waiver applies or that the clauses at issue are, in fact, authorized, the case would be drastically reduced in scope and, we believe, subject to complete dismissal. Accordingly, any effort expended until the law has been clarified would appear to be unproductive.

e. Will a remand or suspension be sought?

No.

f. Will additional parties be joined?

No.

g. Do the parties intend to file a motion pursuant to RCFC 12(b), 12(c), or 56? What is the schedule for the intended filing?

Plaintiff will file a motion for summary judgment on liability pursuant to Rule 56. Plaintiff expects to file its motion by March 15, 2004.

Defendant will cross move pursuant to the deadlines set forth in the Court's rules.

h. What are the relevant factual and legal issues?

Plaintiff believes the relevant issues include the following:

1. That Defendant authored and used an illegal EPA clause in Plaintiff's jet fuel contracts.

2. That as a result of the operation of the illegal pricing clause, Plaintiff was not paid fair market value for the jet fuel it manufactured and supplied to Defendant.

3. That Defendant's individual and class Federal Acquisition Regulation (FAR) deviations relating to Defendant's EPA clause were illegal.

4. That Plaintiff is not barred by the doctrine of waiver from seeking remedies for illegally priced fuel.

5. That Plaintiff was not paid the statutory award premium due Plaintiff because of Plaintiff's status as a small disadvantaged business (SDB).

Defendant believes the relevant issues include the following:

That Defendant authored and used an illegal EPA clause in Plaintiff's jet fuel contracts.

1. Whether plaintiff has waived its right to assert a claim of illegality.

2 If not, whether the clause at issue was authorized such that it must be struck from the parties' contract.

3. If so, whether deviations granted by Federal Acquisition Regulation (FAR) authorities permitted the clause to be used in one of the contracts.

4. If not, whether plaintiff was harmed by any illegality.

5. If so, what is the measure of damages to quantify any such harm.

i. <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>

Plaintiff believes there is a likelihood of settlement, and that ADR may be useful. Given a negotiated settlement and two judgments in related DESC pricing cases, Plaintiff believes the parties should undertake settlement efforts.

Generally speaking, Defendant always is willing to explore the possibility of settlement, and never rejects ADR out of hand. However, given the large number of cases pending before this Court in which similar issues are presented, the need to do justice in all such cases, and the uncertainty of the law in this area, Defendant does not believe that settlement is likely in this case, until the Federal Circuit provides authoritative guidance concerning the applicable law.

j. <u>Do the parties anticipate proceeding to trial</u>?

The parties anticipate proceeding to trial, subject to attempts to settle. The parties agree that expedited trial procedures are not appropriate for this case

k. <u>Are there special issues regarding electronic case management needs?</u>

No.

l. <u>Is there any other information of which the court should be aware at this time</u>?

The parties are currently unaware of any additional information of which the court should be applied.

m. <u>Discovery Schedule</u>.

Plaintiff does not anticipate the need for discovery prior to filing its motion under Rule 56. Should discovery later be required, the parties will submit to the Court a proposed schedule for further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Ronald H. Usher
Ronald H. Uscher
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (fax)

Counsel for Plaintiff

Dated: January 12, 2004

s/ Steven J. Gillingham
Steven J. Gillingham
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tel: (202) 616-2311
Fax: (202) 353-7988

Attorney for Defendant

Dated: January 12, 2004