# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BEN B. FLOYD, TRUSTEE of the Bankruptcy Estate of Gold Line Refining, Ltd. | |
| Plaintiff, | |
| v. | No. 03-2245C (Judge Hewitt) |
| THE UNITED STATES, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

By Order of February 20, 2004, the Court directed the parties to show cause why this matter should not be stayed pending consideration by the United States Court of Appeals for the Federal Circuit of interlocutory appeals of *Tesoro Hawaii Corporation v. United States*, 58 Fed. Cl. 65 (2003), and *Hermes Consolidated, Inc. d/b/a Wyoming Refining Company*, 58 Fed. Cl. 409 (2003).[1]

Pursuant to Rules 1, 7 and 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff respectfully submits that this matter should not be stayed. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

This suit involves seven contracts between Gold Line Refining, Ltd. ("Gold Line") and the Defense Energy Support Center ("DESC") for almost 404 million gallons of

[1] The cases are consolidated in the Federal Circuit under Docket No. 04-5064.

military jet and marine fuels awarded from 1991 to 1994.

On August 8, 1997, Gold Line filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 97-48184. In 1999, Gold Line's case was converted to Chapter 7. Ben B. Floyd was appointed Trustee of Gold Line's bankruptcy estate pursuant to 11 U.S.C. § 702(d) and Rule 2003 of the Federal Rules of Bankruptcy Procedure. As Trustee, Ben B. Floyd, has the capacity to sue and to be sued, including to bring and to maintain this action. 11 U.S.C. § 323 (a) and (b).

Pursuant to the Contract Disputes Act, 41 U.S.C. §§ 603, *et seq.* ("CDA"), on November 4, 2003, Gold Line submitted a certified claim to the contracting officer seeking an equitable adjustment to compensate it for underpayments resulting from the operation of DESC's economic price adjustment ("EPA") clause: B19.33. On April 10, 2003, the contracting officer denied Gold Line's claim in its entirety. On September 29, 2003, this suit was filed. *Ben B. Floyd, Trustee of the Bankruptcy Estate of Gold Line Refining, Ltd. v. United States*, No. 03-2245C (Fed. Cl.) (Judge Hewitt) ("Gold Line II").

On November 11, 2003, Defendant moved to consolidate this case with *Gold Line Refining, Ltd., through its trustee Ben B. Floyd v. United States*, No. 98-543C (Fed. Cl.) (Judge Hewitt) ("Gold Line I"). Defendant's Motion to Consolidate was denied on December 8, 2003. The Court ruled:

> In view of the maturity of the litigation in this case and the preliminary stages of litigation in the related action, Floyd v. United States, case no.03-2245C, as well as the different products, time frames, and potential affirmative defenses and counterclaims involved in the Floyd case, the court does not believe that consolidation of the two cases will enhance

> the efficiency of litigation of either case. See Rule 1, of the Rules of the Court of Federal Claims (RCFC) (stating that the RCFC "shall be construed...to secure the just, speedy, and inexpensive determination of every action").

Consolidation would have delayed resolution of the instant litigation much like the stay now under consideration.

## II. THE FEDERAL CIRCUIT MAY NOT RESOLVE THE ISSUES IN GOLD LINE II

Three issues now are on appeal at the Federal Circuit: (1) an EPA clause indexed to *Petroleum Marketing Monthly* (PMM); (2) waiver; and (3) clause deviations.

In *Tesoro Hawaii* and *Hermes Consolidated*, the presiding judges certified several entitlement questions for interlocutory appeal under 28 U.S.C. § 1292(d)(2). Judge Block in *Hermes Consolidated* certified two questions:

> (1) Was DESC's promulgation of the economic price adjustment clause indexed to the PMM unauthorized?
>
> (2) May defendant assert the defense of waiver to bar Wyoming from pursing a remedy for DESC's unauthorized fuel prices?

Judge Bruggink in *Tesoro Hawaii* certified three questions:

> (1) Did DESC establish the price of fuel in violation of law by employing economic price adjustment clauses indexed to PMM?
>
> (2) Were DESC's individual or class deviations obtained in violation of law?
>
> (3) Can DESC assert the defense of waiver to bar Tesoro from pursuing a remedy for DESC's illegal fuel prices?

On February 2, 2004, the Federal Circuit granted the petition for permission to appeal for "questions regarding, *inter alia,* the legality of price determinations for fuel

supplied to the Defense Energy Support Center, the legality of individual and class deviations and waiver." *Tesoro Hawaii Corp. v. United States*, Docket No. 04-5064.

Notwithstanding its action on the petition, there is no assurance that any ruling(s) by the Federal Circuit will be dispositive of each of the seven contract claims involved in this litigation. The Federal Circuit has alternative ways it may resolve the *Tesoro Hawaii* appeals. For example, a ruling solely on the issue of clause deviations, or the issue of waiver, may not resolve the contract claims where there were no clause deviations or where facts fail to establish the defense of waiver.

Moreover, while many of the jet fuel pricing cases against DESC have been stayed, none involve the interests on a bankruptcy estate and its creditors as here. Indeed, the interests of the estate and its creditors require this action to proceed expeditiously so the estate may be closed. Section 704 of the Bankruptcy Code, 11 U.S.C. § 704, *Duties of Trustee*, provides at subsection (1) that the Trustee shall--

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest.

Gold Line II should proceed, without delay, so that the estate's seven contract claims are expeditiously adjudicated.

## III. THERE ARE INSUFFICIENT GROUNDS TO STAY

In *Cellco Partnership d/b/a Verizon Wireless v. United States*, 54 Fed. Cl. 260 (2002), this Court set out a three-part test in deciding whether or not to stay a case:

> First, a trial court must identify a pressing need for the stay. Second, "the court must balance the interests favoring a stay against interests frustrated by the action." "Overarching this balancing is the

> court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413 (Fed. Cir. 1997). When a related case is pending before another court, a trial court may also consider: "(i) principles of comity, with the normal rules favoring the court in which a case is first filed, (ii) judicial economy, focusing *inter alia*, on whether a stay is necessary to avoid duplicative litigation, and (iii) the motives of the party seeking the stay, with courts disfavoring stays where the movant is seeking to avoid adverse precedent." *Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29 (2000). *(Emphasis added).*

54 Fed. Cl. at 262.

A stay in Gold Line II is not warranted under the three-part test of *Cellco*. First, there is no "pressing need" for a stay. In fact, the interests of the estate and its creditors require the diligent prosecution of these claims. Second, a balancing of interests favors denying the stay. A stay would frustrate the timely resolution of this case without any guarantee that any benefit will come from the delay. The Court of Appeals may rule on the appeal in such a way that is not useful to this case. Such an outcome would make a stay worthless. The Court of Appeals also may decide the issues on the merits in the same way as the majority of judges on this Court have done, namely finding that the DESC's EPA clause was not permitted as violative of the FAR. *MAPCO Alaska Petroleum, Inc. v. United States*, 27 Fed. Cl. 405 (1992) (DESC's pricing clause is contrary to the FAR and is illegal and unenforceable); *Gold Line Refining, Ltd. v. United States,* 43 Fed. Cl. 291 (1999) (Government's pricing clause is in direct conflict with the FAR); *Navajo Refining Co. v. United States*, No. 02- 1220C, 2003 U.S. Claims LEXIS 305 (Oct. 27, 2003); *Tesoro Hawaii Corp. v. United States*, 58 Fed. Cl. 65 (2003) (DESC pricing clause which used *Petroleum Marketing Monthly* as a price escalator does not fit into one of the three types of permissible EPA clauses and therefore is illegal; (Fed. Cl. Sept. 15, 2003);

*Calcasieu Refining Co. v. United States*, No. 02-1219C, slip. op. at 8 (Fed. Cl. July 31, 2003) (Court of Federal Claims consistently has held that Clause B19.33 in invalid); *Berry Petroleum Co. v. United States*, No. 02-1462C , slip op. (Fed. Cl. June 10, 2003) (Clause B19.33 is illegal and unenforceable); *Phoenix Petroleum Co. v. United States*, No. 97-315C, slip op. at 4 (Fed. Cl. Apr. 30, 2003) ("The Court finds defendant's arguments - that clause B19.33 was valid under FAR – to be unpersuasive."); *La Gloria Oil and Gas Co. v. United States*, 56 Fed. Cl. 211 (2003) ("[I]t is the view of this court that Clause B19.33 was not a type of EPA clause permitted by the FAR."); *Gold Line Refining, Ltd. v. United States*, 54 Fed. Cl. 285, 292 (2002) ("Seeing no salient distinctions between the legal arguments addressed in *MAPCO* and advanced by defendant here, the court concludes that Clause B19.33 did not comply with…the FAR."); *See also*, *Barrett Refining Corp. v. United States*, 42 Fed. Cl. 128, 130 (1998), *aff'd in part, vacated in part, and remanded,* 242 F.3d 1055 (Fed. Cir. 2001) (*DESC's Petroleum Marketing Monthly* index not specifically authorized by the FAR); *Pride Cos., L.P. v. United States*, No. 95-597C, 2000 U.S. Claims LEXIS 213 at 1 (Fed. Cl. May 10, 2000) (DESC contracts that employ B19.33 are illegal).

Assuming the Federal Circuit agrees with the majority of judges on this Court, a stay again would be merely a waste of time. There is only a *potential* of judicial economy if a stay is granted. However, considering the greater potential for delay without benefit, the Court should deny the Motion to Stay in furtherance of its "paramount obligation" to act timely**.**

## IV. PLAINTIFF IS ENTITLED TO A PROMPT RESOLUTION OF ITS CLAIM

"An avowed purpose of the Contract Disputes Act is to foster the prompt, efficient resolution of disputes between contractors and the government." *The Triax Co. v. United States*, 20 Cl. Ct. 507, 512 n.5 (1990). Plaintiff sought relief from the effects of DESC's EPA clause even before deliveries under the instant contract were complete. Plaintiff's CDA claim under the instant contract was certified in 1995. Resolution of Plaintiff's long-standing claim should not be delayed on speculation that the appellate court will resolve the appeal in *Tesoro Hawaii* and *Hermes Consolidated* in a way useful to the resolution of the instant litigation.

Under the CDA, Plaintiff is entitled to the prompt resolution of this dispute. This litigation should not be stayed on mere speculation of what may or may not occur at some future time in an appellate court.

## V. CONCLUSION

Therefore, Plaintiff respectfully requests that the Court decline to stay this matter.

Respectfully submitted,

s/ Ronald H. Uscher

Ronald H. Uscher
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (fax)

Counsel for Plaintiff

*Of Counsel:*

Donald A. Tobin
Lori Ann Lange
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (fax)

Dated: March 12, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2004, the foregoing Plaintiff's Response To Show Cause Order was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Ronald H. Uscher